IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS A. JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>PITTSBURGH PUBLIC SCHOOLS,<br><br>  Defendant. | 2:22-CV-00146 |

**OPINION AND ORDER**

Before the Court is Defendant Pittsburgh Public Schools' Motion to Dismiss pro se Plaintiff Phyllis A. Johnson's Amended Complaint. ECF No. 18. Ms. Johnson, a former employee of Pittsburgh Public Schools, alleges that Pittsburgh Public Schools discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 6101, *et seq.*[1] *See generally* ECF No. 17. For the following reasons, the Court will grant the Motion and dismiss the Amended Complaint with prejudice.

**I.    BACKGROUND**

   **A.    Procedural History**

On January 25, 2022, Ms. Johnson filed her original complaint against Pittsburgh Public Schools, alleging an ADEA claim and a claim under the "Fair Employment Practices Act." ECF No. 1. In response, Pittsburgh Public Schools filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. On August 22, 2022, the Honorable Robert J. Colville issued an opinion that dismissed her ADEA claim without prejudice for failure to allege an adverse employment action. *See generally* ECF No. 16. The Court held

---

[1] Because Ms. Johnson's claim arises under the ADEA, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

that, presuming Ms. Johnson is alleging a constructive discharge claim as her adverse employment action, she had "not plead any facts showing that the circumstances in her classroom were 'so intolerable that a reasonable person subject to them would resign,'" as required to support such a claim. *Id.* at 3–4 (quoting *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 317 n.4 (3d Cir. 2004)). The Court also dismissed her "Fair Employment Practices Act" claim with prejudice because no such cause of action exists. *See id.* at 4.

The Court provided Ms. Johnson an opportunity to amend her complaint, which she did on September 12, 2022. ECF No. 17. In response, Pittsburgh Public Schools filed this Motion to Dismiss. ECF No. 18. On June 15, 2023, the case was transferred to the undersigned for resolution of this Motion. ECF No. 24. With briefing complete, the Motion is now ripe for adjudication. *See* ECF Nos. 19, 21, 22, 23.

**B.     Factual Background**

While she has included a few additional allegations, Ms. Johnson's Amended Complaint is predicated on the same core factual allegations as her original complaint, which the prior opinion recounted. *See* ECF No. 16 at 1–2. Again, Ms. Johnson alleges that as a 56-year-old teacher at Pittsburgh Weil Elementary School, she was asked to teach all subjects during the 2020 to 2021 school year to the third grade as part of a "self-contained" virtual classroom—despite only teaching math the prior school year.[2]  ECF No. 17 at 1–2, 6. At some point, Ms. Johnston took leave pursuant to the Federal Medical Leave Act through December 2020 before resigning from her position in January 2021. *Id.* at 7. She claims that her replacement, Ms. Paolino, who she describes as "a veteran teacher" with more than twenty years of experience, was treated more favorably than she was because the administration provided Ms. Paolino with two additional teachers to assist

---

[2] She describes this arrangement of teaching all subjects to an entire grade as a "self-contained classroom." ECF No. 17 at 1.

her—one to teach math and another to teach social studies, while Ms. Paolino taught the remaining subjects.  *Id.* 1–2, 6–7.

Ms. Johnson has added several new allegations in her Amended Complaint.  To summarize, she alleges that in June of 2020, she "requested help, from the principal" with her assigned third-grade class.  ECF No. 17 at 1.  According to Ms. Johnson, she asked for help again in August of 2020.  *Id.*  Ms. Johnson notes that she did receive some assistance in planning her lessons, but the administration did not assign another teacher to assist her.  *Id.*  Also, she alleges in her Amended Complaint that she was subjected to multiple "Formal Observations," despite the usual practice of alternating between formal and informal observations.  *Id.* at 2.  She does not describe what formal observations or informal observations are.  In addition, she alleges that a math coach was terminated for expressing concerns about a math class and, at some point, the principal sent "an irate parent" to her classroom during instruction.  *Id.*

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008);  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss"). Thus, for the purpose of deciding the present Motion, the Court accepts as true the facts alleged in the Amended Complaint and views those facts in the light most favorable to the plaintiff. *See Burtch*, 662 F.3d at 220.

## III.    DISCUSSION

Ms. Johnson's single claim of age discrimination against Pittsburgh Public Schools pursuant to the ADEA remains deficient. Despite her additional allegations, Ms. Johnson has, again, failed to plausibly allege that she was constructively discharged and, therefore, has not established that she suffered an adverse employment action. As noted in the prior opinion, to plausibly allege a claim of age discrimination under the ADEA, a plaintiff must show that she (1)

4

is at least forty years old;  (2) was qualified for the position;  (3) suffered an adverse employment action;  and (4) was replaced by someone who was sufficiently younger to support an inference of age discrimination.  *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002).  In this case, liberally construing her pleadings as required, Ms. Johnson alleges that she suffered an adverse employment action when she was constructively discharged.

The Court has previously recounted what is necessary to plausibly allege a constructive discharge claim, namely that "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign."  *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001) (quoting *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1084 (3d Cir. 1996)).  The standard is an objective one, such that a plaintiff's subjective belief that her working conditions were intolerable is immaterial.  *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1083, 1086 (3d Cir. 1992).

Even with her new allegations, Ms. Johnson has failed to plausibly allege that her conditions of employment were so objectively intolerable that a reasonable person would resign. The Court previously held that her prior allegation of teaching all subjects, instead of only one subject, does not "support an inference that she was subject to conditions that would cause a reasonable person to resign" because she has not actually discussed any "of the facts that caused her to resign."  ECF No. 16 at 4.  In her Amended Complaint, Ms. Johnson now describes her replacement, Ms. Paolino, as someone who has experience teaching in self-contained classrooms. Ms. Paolino's prior experience suggests that teaching a self-contained classroom is not "so intolerable that a reasonable person subject to them would resign" and this new assertion does not strengthen Ms. Johnson's constructive discharge allegations.  *Cardenas*, 269 F.3d at 263.

In addition, Ms. Johnson's new allegation that she was subjected to formal observations does not support her constructive discharge claim. Her Amended Complaint does not describe what formal observations are or how, if at all, they were used to supervise her performance, or otherwise impacted her employment. Even if Ms. Johnson believes such observations somehow constituted excessive supervision, which she has not alleged, such an allegation, without more, generally would not support a constructive discharge claim. *See Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1162 (3d Cir. 1993) (finding that a constructive discharge claim that relies on "overzealous supervision" of one's work "must be critically examined so that the ADEA is not improperly used as a means of thwarting an employer's nondiscriminatory efforts to insist on high standards"). Ms. Johnson has not included allegations that would make the supervision support a claim for constructive discharge. For example, she does not allege that she received any "unsatisfactory job evaluations" as a result of these observations—simply that they occurred. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 503 (3d Cir. 2010).

Finally, Ms. Johnson's remaining new allegations are not relevant to her constructive discharge claim because they have no impact on whether her conditions of employment were objectively intolerable. First, she describes the termination of a math coach, who complained about certain math classes, which has no apparent connection to her age discrimination claim. Second, she describes a single instance where the principal sent an angry parent to her classroom. A constructive discharge claim is not intended to create a cause of action for a one-off instance of any "workplace grievance, real or imagined," but rather, the central concern is "the imposition of unreasonably harsh conditions." *Gray*, 957 F.2d at 1082–83 (quoting *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985)). Therefore, Ms. Johnson's additional allegations cannot support her claim that she was constructively discharged.

Accordingly, the Court finds that Ms. Johnson has failed to allege an essential element of her age discrimination claim—that she suffered an adverse employment action—and her Amended Complaint will be dismissed.[3] Because Ms. Johnson was provided an opportunity to cure the deficiencies in her original complaint but has failed to do so, the Court will dismiss her Amended Complaint with prejudice as amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## IV. CONCLUSION

For the foregoing reasons, Pittsburgh Public Schools' Motion to Dismiss is hereby GRANTED, and Ms. Johnson's Amended Complaint is DISMISSED with prejudice.

DATED this 12th day of July, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

Phyllis A. Johnson, pro se
242 Dinwiddie Street
Pittsburgh, PA 15219

---

[3] The Court notes that Ms. Johnson has also failed to allege the final element of an age discrimination claim—that her replacement was sufficiently younger—and refers to her replacement as a "veteran" with over twenty years of experience.