IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS A. JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>PITTSBURGH PUBLIC SCHOOLS,<br><br>  Defendant. | 2:22-CV-00146-CCW |

**OPINION AND ORDER**

Before the Court is Defendant Pittsburgh Public Schools' Motion to Dismiss pro se Plaintiff Phyllis A. Johnson's Amended Complaint. ECF No. 38. Ms. Johnson, a former employee of Pittsburgh Public Schools, alleges that Pittsburgh Public Schools discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 6101, *et seq*. (the "ADEA").[1] *See generally* ECF No. 17. For the following reasons, the Court will grant the Motion and dismiss the Amended Complaint without prejudice.

**I.    Background**

  **A.    Procedural History**

This is the second time the Court has considered a motion to dismiss the Amended Complaint. On July 12, 2023, this Court granted Pittsburgh Public Schools' Motion to Dismiss the Amended Complaint, with prejudice, after concluding that Ms. Johnson had failed to state a claim for constructive discharge under the ADEA. ECF No. 25. Ms. Johnson appealed. The

---

[1] Because Ms. Johnson's claim arises under the ADEA, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

United States Court of Appeals for the Third Circuit agreed that Ms. Johnson had not stated a claim for constructive discharge but remanded the case to this Court to consider whether Ms. Johnson has stated a claim for disparate treatment based on her age. *Id.* Pittsburgh Public Schools now moves to dismiss Ms. Johnson's disparate treatment claim. ECF No. 38.

**B.     Factual Background**

The Court has previously recounted the facts alleged in the Amended Complaint, s*ee* ECF No. 25 at 2–3, but will recite the facts necessary to resolving Ms. Johnson's disparate treatment claim again here. Ms. Johnson alleges that, as a 56-year-old teacher at Pittsburgh Weil Elementary School, she was asked to teach all subjects during the 2020–2021 school year to the third grade as part of a "self-contained" virtual classroom—despite only teaching math the prior school year. ECF No. 17 at 1–2, 6–7. Ms. Johnson requested "help" with the self-contained classroom from the school's principal twice—in June 2020 and in August 2020—but only received assistance with planning for her reading and language arts subjects. *Id.* at 1. No additional teachers were assigned to assist Ms. Johnson in her classroom, although classrooms in the fourth and fifth grade received additional teachers despite having approximately the same number of students combined as Ms. Johnson's third-grade class. *Id.* At some point in the fall of 2020, Ms. Johnston took leave pursuant to the Family Medical Leave Act through December 2020 before resigning from her position effective January 2021. *Id.* at 7. Ms. Johnson claims that the teacher who replaced her, Ms. Paolino, was treated more favorably than she was because the administration provided Ms. Paolino with two additional teachers to assist her—one to teach math and another to teach social studies, while Ms. Paolino taught the remaining subjects. *Id.* at 1–2. Ms. Johnson describes Ms.

Paolino as a "veteran teacher with many years of experience," and later in her pleading, a "veteran teacher with twenty or more years [sic] experience." *Id.* at 1, 6.[2]

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

---

[2] Though Ms. Johnson alleges that she attached her EEOC charges against Pittsburgh Public Schools to her Amended Complaint, ECF No. 17 at 8, she filed her Amended Complaint electronically and did not attach any such charges to it. Thus, any additional facts alleged in Ms. Johnson's EEOC charges are not before the Court.

3

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quotation omitted) (finding that at the motion to dismiss stage it is sufficient, but not necessary, to allege a *prima facie* case). And when resolving a pro se plaintiff's motion, courts "liberally construe pro se filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 Fed. App'x 853, 855 (3d Cir. 2010).

### III.   Legal Analysis

The issue before the Court is whether Ms. Johnson's Amended Complaint sufficiently alleges a claim of disparate treatment based on age. To make out a *prima facie* case under the ADEA, a plaintiff must show that she (1) is at least forty years old; (2) suffered an adverse employment decision; (3) was qualified for the position in question; and (4) was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). "Where the plaintiff is not directly replaced, the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Id.*

Here, Pittsburgh Public Schools challenges the second and fourth elements: that Ms. Johnson suffered an adverse employment action, and that she has plausibly alleged facts supporting an inference of age discrimination. ECF No. 39 at 6. For the reasons discussed below,

the Court concludes that Ms. Johnson plausibly alleges that she suffered an adverse employment action, but not that she did so under circumstances supporting an inference of age discrimination.

### A. Ms. Johnson Plausibly Alleges an Adverse Employment Action

Pittsburgh Public Schools argues that requiring Ms. Johnson to teach all subjects in her third-grade class, without assistance from other teachers, cannot constitute an adverse employment action. ECF No. 39 at 7. This is so, according to Pittsburgh Public Schools, because the standard for "an adverse employment action under the ADEA [requires] 'a **significant** change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* (emphasis added) (quoting *Swain v. City of Vineland*, 457 F. App'x 107, 110 (3d Cir. 2012)). In its Reply, Pittsburgh Public Schools similarly points to Third Circuit precedent holding that an adverse employment action is "one which is **serious** and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." ECF No. 42 at 2 (emphasis added) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)). In sum, Pittsburgh Public Schools argues that any difficulty Ms. Johnson experienced was not significant enough under this Circuit's precedents to constitute an adverse employment action. *See* ECF Nos. 39 at 6–7; 42 at 2–4. The Court disagrees, in light of the United States Supreme Court's recent decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024).[3] In *Muldrow*, the Supreme Court held that to sustain a claim for disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII"), a plaintiff need not show that an adverse employment action was "significant," "serious," "substantial," or "any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar." *See*

---

[3] Though it was decided after the briefing on the instant Motion to Dismiss was complete, *Muldrow* applies in resolving the Motion. *See United States v. Dixon*, 648 F.3d 195, 199 (3d Cir. 2011) (stating that courts must apply the law in effect at the time they render their decision).

5

*Muldrow*, 601 U.S. at 355 (internal citation omitted).  Rather, a plaintiff need only "show *some* harm respecting an identifiable term or condition of employment." *Id.* (emphasis added).  This standard is "contrary to [the] prior precedent" in this Circuit. *Peifer v. Bd. of Prob. & Parole*, 106 F.4th 270, 277 (3d Cir. 2024) (noting that after *Muldrow* "adverse employment action means simply that the employee suffered 'some harm' to a term or condition of employment—in other words, that the employer treated the employee 'worse' because of a protected characteristic").

Because the standard for whether a plaintiff suffered an adverse employment action under Title VII is the same as under the ADEA, this Court will apply *Muldrow* in determining whether Ms. Johnson suffered an adverse employment action.[4]  The Court concludes that Ms. Johnson has plausibly alleged "some harm respecting an identifiable term or condition" of her employment. *Muldrow*, 601 U.S. at 355.  Ms. Johnson's allegations that she was required to teach all subjects despite requesting "help," while other classrooms in other grades received additional teachers, and while her asserted replacement Ms. Paolino received additional teacher assistance, meets this low bar.  ECF No. 17 at 1, 7.  Taking these allegations as true and viewing them in the light most favorable to Ms. Johnson, the failure to offer additional teachers to assist Ms. Johnson after she requested assistance plausibly subjected her to a more difficult working environment by requiring her to teach every subject.  Accordingly, Ms. Johnson has sufficiently pleaded the second element of a *prima facie* case for discriminatory treatment based on age under the ADEA.

---

[4] *See Barber v. CSX Distribution Servs.*, 68 F.3d 694, 698 (3d Cir. 1995) (stating that "courts routinely look to law developed under Title VII to guide an inquiry under the ADEA"); *McClintock v. Garland*, No. 3:20CV1548, 2024 WL 4217521, at *9 (M.D. Pa. Sept. 17, 2024) (applying the *Muldrow* standard to a federal-sector ADEA claim); *Yates v. Spring Indep. Sch. Dist.*, No. 23-20441, 2024 WL 3928095, at *4 n.4 (5th Cir. Aug. 26, 2024) (applying the *Muldrow* standard to an ADEA claim); *McNeal v. City of Blue Ash, Ohio*, No. 23-3180, 2024 WL 4262532, at *9 (6th Cir. Sept. 23, 2024) (applying the *Muldrow* standard to an ADEA claim).

**B.      Ms. Johnson Fails to Plausibly Allege that the Lack of Additional Teaching Assistance Occurred under Circumstances that Support an Inference of Age Discrimination**

Though Ms. Johnson has sufficiently pled an adverse employment action, she has not plausibly alleged that it occurred under circumstances giving rise to an inference of age discrimination. While the Amended Complaint alleges that Ms. Johnson was born in 1965, ECF No. 17 at 6, nowhere does it allege that her age was the reason that she did not receive additional teachers in her classroom. Nor does it allege that any of the teachers that did receive additional teachers in their classrooms, such as Ms. Paolino, were sufficiently younger than Ms. Johnson such that an inference of discriminatory treatment could be drawn. *See Martinez*, 986 F.3d at 267 (finding a plaintiff's allegation that his replacements were "significantly younger" was sufficient to support a claim for age discrimination under the ADEA). Because Ms. Johnson has failed to allege facts supporting an inference that her age was the reason she did not receive additional teachers in her classroom, her ADEA claim fails.

**IV.     Conclusion**

For the foregoing reasons, the Motion to Dismiss by Pittsburgh Public Schools, ECF No. 38, is hereby **GRANTED**, and Ms. Johnson's Amended Complaint, ECF No. 17, is **DISMISSED** without prejudice. The Court will, however, grant Ms. Johnson leave to file a Second Amended Complaint to attempt to cure the deficiencies in her disparate treatment claim. Ms. Johnson has had previous opportunities to amend her pleading, and this will be her last opportunity to do so. Her Second Amended Complaint, if any, must be filed on or before October 18, 2024. If no Second Amended Complaint is filed, the dismissal without prejudice will be converted to a dismissal with prejudice without further action by the Court.

DATED this 1st day of October, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record