IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS A. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>PITTSBURGH PUBLIC SCHOOLS,<br><br>  Defendant. | 2:22-CV-00146-CCW |

**OPINION AND ORDER**

Before the Court is Defendant Pittsburgh Public Schools' Motion to Dismiss *pro se* Plaintiff Phyllis A. Johnson's Second Amended Complaint. ECF No. 47. Ms. Johnson, a former employee of Pittsburgh Public Schools, alleges that Pittsburgh Public Schools discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 6101, *et seq*. (the "ADEA").[1] *See generally* ECF No. 46. For the reasons discussed below, the Court will deny the Motion.

**I.  Background**

This is the third time the Court has considered a Motion to Dismiss in this case. *See* ECF Nos. 25, 45. Thus, the Court assumes the parties' familiarity with the procedural history and factual allegations already discussed in its prior Opinions and will only recount what is necessary to resolve the instant Motion. The Court previously dismissed Ms. Johnson's Amended Complaint without prejudice and with leave to amend because it failed to state a claim for disparate treatment

---

[1] Because Ms. Johnson's claim arises under the ADEA, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

under the ADEA. *See* ECF No. 45. Specifically, the Court determined that the Amended Complaint failed to allege facts supporting an inference that Ms. Johnson's age was the reason for her alleged disparate treatment. *Id.* at 7. In her Second Amended Complaint, Ms. Johnson attempts to cure this deficiency. *See generally* ECF No. 46.

The relevant allegations in the Second Amended Complaint, taken as true, are as follows.

Ms. Johnson alleges that, as a teacher at Pittsburgh Weil Elementary School, she was asked to teach all subjects during the 2020–2021 school year to the third-grade class as part of a "self-contained" virtual classroom. ECF No. 46 at 1–2. Although Ms. Johnson requested "assistance" with the self-contained classroom from the school's principal twice, no additional teachers were assigned to assist Ms. Johnson, even though classrooms in the fourth and fifth grade received additional teachers. *Id.* At some point during the school year, Ms. Johnson took leave from her position. *Id.* Ms. Johnson alleges that the teacher who replaced her, Ms. Paolino, was treated more favorably than Ms. Johnson because the administration provided Ms. Paolino with two additional teachers to assist her in the classroom—one to teach math and another to teach social studies, while Ms. Paolino taught the remaining subjects. *Id.* Ms. Paolino and the two teachers assigned to assist her were all younger than Ms. Johnson, and Ms. Johnson later learned that Ms. Paolino was a family member of the school's principal. *Id.*

Pittsburgh Public Schools has moved to dismiss the Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it does not allege a plausible disparate treatment claim under the ADEA. ECF No. 48. Ms. Johnson timely filed an Opposition, and Pittsburgh Public Schools filed a Reply.[2] ECF Nos. 50, 51. The Motion is thus fully briefed and ripe for resolution.

---

[2] Ms. Johnson also filed what appears to be a Surreply, ECF No. 52, but because she did not seek the Court's approval to do so, the Court will not consider it in resolving the instant Motion. Along the same lines, Pittsburgh Public Schools

## II.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

---

argues in its Reply brief that the Second Amended Complaint's claim for punitive damages should be dismissed.  ECF No. 51.  But because Pittsburgh Public Schools did not raise this argument in its Motion, the Court will not consider it at this juncture.  *See DiGregorio v. Trivium Packaging Co.*, No. 23CV2167, 2025 WL 782091, at *6 (W.D. Pa. Mar. 12, 2025) (Schwab, J.) ("[I]t is well established that a Court need not address arguments that were not raised in a party's moving brief/until the reply brief.").

3

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quotation omitted) (finding that at the motion to dismiss stage it is sufficient, but not necessary, to allege a *prima facie* case). And when resolving a *pro se* plaintiff's motion, courts "liberally construe *pro se* filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010).

### III. Legal Analysis

To make out a *prima facie* case for disparate treatment under the ADEA, a plaintiff must show that she (1) is at least forty years old; (2) suffered an adverse employment decision; (3) was qualified for the position in question; and (4) was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). "Where the plaintiff is not directly replaced, the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Id.* (quoting *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999)).

Here, Pittsburgh Public Schools argues that the Second Amended Complaint fails to plausibly allege the second and fourth elements of a *prima facie* case under the ADEA: that Ms. Johnson suffered an adverse employment decision, and that the circumstances alleged give rise to an inference of age discrimination. ECF No. 48 at 6. For the reasons discussed below, the Court

4

concludes that Ms. Johnson plausibly alleges both elements. Accordingly, the Court will deny Pittsburgh Public Schools' Motion.

### A. Ms. Johnson Plausibly Alleges an Adverse Employment Action

Pittsburgh Public Schools argues that the conduct that Ms. Johnson complains of—being required to teach all subjects in her third-grade class despite requesting assistance, while other teachers did receive assistance—is insufficient to constitute an adverse employment action under *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). ECF No. 48 at 6–7. But the Court has already determined that this conduct *is* sufficient under *Muldrow*, ECF No. 45 at 5–6, and Pittsburgh Public Schools offers no new argument or authority that would alter that determination, *see* ECF No. 48 at 6–7. Accordingly, for the same reasons discussed in its prior Opinion and Order, ECF No. 45, Ms. Johnson has sufficiently pleaded the second element of a *prima facie* case for discriminatory treatment under the ADEA.

### B. Ms. Johnson Plausibly Alleges Circumstances that Support an Inference of Age Discrimination

The Court previously dismissed Ms. Johnson's Amended Complaint because it "failed to allege facts supporting an inference that her age was the reason she did not receive additional teachers in her classroom." ECF No. 45 at 7. Ms. Johnson's Second Amended Complaint has cured this deficiency. Specifically, the Second Amended Complaint alleges that Ms. Paolino was "a younger teacher" who "was given the assistance of two additional teachers for the entire school year." ECF No. 46 at 2. Pittsburgh Public Schools argues that this allegation is insufficient because the Second Amended Complaint does not allege "how much younger" Ms. Paolino was, or "any facts that indicate age played any role in the differing teaching arrangement." ECF No. 48 at 7. But at the pleading stage, "factual allegations of age differences are enough." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267 (3d Cir. 2021) (stating that a plaintiff need not allege

5

"exact age gaps in his complaint," and that "[t]he court at summary judgment—and ultimately, perhaps, the jury at trial—can decide whether the age differences give rise to an inference of discrimination"). Accordingly, Ms. Johnson has sufficiently pleaded the fourth element of a *prima facie* case for discriminatory treatment under the ADEA.

## IV. Conclusion

For the foregoing reasons, Pittsburgh Public Schools' Motion to Dismiss, ECF No. 47, is hereby **DENIED**. Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, Pittsburgh Public Schools shall file an Answer on or before May 9, 2025.

DATED this 25th day of April, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record